# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01580-PAB-MDB

AMY HOPKINS and DENNIS PARKER,

        Plaintiffs,

v.

PERATON, INC., a Delaware corporation,

        Defendant.

---

## DECLARATION OF KRISTEN KEFFER

---

I, Kristen Keffer, declare as follows:

1.      I am over eighteen years of age and competent to testify to the matters set forth in this declaration. I make this declaration based on my personal knowledge and my review of business records maintained by Peraton Inc. ("Peraton" or the "Company"), and if called to testify I could do so competently and truthfully. I make this declaration in support of Defendant Peraton Inc.'s Motion to Compel Arbitration and Stay Action.

2.      I am a Vice President, Human Resources Business Partner for Peraton.  In this role, I oversee a staff of Human Resources Business Partners (HRBPs) who execute strategic workforce planning.

3.      Peraton is a federal government contractor with its principal place of business in Reston, Virginia.

1

4. Peraton's senior leadership for the Space and Intelligence Sector—including executives responsible for personnel decisions affecting senior employees—is located in or operates out of Reston, Virginia.

5. Peraton's headquarters in Reston, Virginia, are located within the Eastern District of Virginia.

6. Peraton hired Amy Hopkins on March 20, 2023, as Vice President and General Manager of the National Security Business Unit.

7. The National Security Business Unit was part of Peraton's Space and Intelligence Sector, which also included the Intelligence Mission Solutions, National Programs, and Civil Space business units.

8. In her role, Hopkins operated within a centralized leadership structure in which senior executives based in Reston, Virginia oversaw business operations and employment decisions.

9. The decision to terminate Hopkins's employment on or about February 7, 2025 was made by senior leadership based in Virginia.

10. The investigation preceding Hopkins's termination, including direction from legal and executive personnel, was conducted and overseen by individuals located in Virginia.

11. The individuals involved in the decision-making process regarding Hopkins's employment, including senior leadership and legal personnel, are located in or around Reston, Virginia.

12. Hopkins was not a resident of Colorado during her employment with Peraton.

13. During her employment, Hopkins resided in Delaware and performed her duties either remotely from Delaware or in connection with her designated reporting location.

14. Hopkins's designated reporting location was in Reston, Virginia.

15. Hopkins did not maintain a primary workplace in Colorado at any time during her employment with Peraton.

16. The Skyfire program referenced in the Complaint was one of multiple programs within the National Security Business Unit overseen by Hopkins.

17. Although aspects of the Skyfire program were administered in Colorado, the program did not alter the centralized management structure of the business unit or the location of corporate decision-making.

18. Employment decisions concerning senior executives such as Hopkins are made at the corporate level, not at the level of any individual program or geographic location.

19. Peraton maintains employee personnel records in the ordinary course of its regularly conducted business activities. These records are made at or near the time of the events they describe by individuals with knowledge, or from information transmitted by such individuals. It is Peraton's regular practice to create and maintain such records, and Peraton relies on them in the management of its workforce and administration of its policies.

20. Peraton maintains personnel records, including those related to Hopkins's employment, through systems and personnel based in or managed from Reston, Virginia.

21. Relevant employment records concerning Hopkins are maintained and administered from Virginia.

22.    To the extent witnesses are relevant to Hopkins's termination, those individuals—including decision-makers, human resources personnel, and legal personnel—are primarily located in Virginia.

23.    Plaintiff Dennis Parker resides in Colorado, but he was not a decision-maker with respect to the termination of Amy Hopkins.

24.    Plaintiff Dennis Parker worked as a direct report (subordinate) to Hopkins. As a subordinate, Parker would have had no authority or ability to make decisions regarding Hopkins's employment, including her termination of employment.

25.    Any knowledge Parker may have concerning Hopkins's termination is based on his involvement in the underlying program and not from participation in the decision to terminate her employment.

26.    Based on Peraton's records and my knowledge, the majority of relevant witnesses and documents concerning Hopkins's employment and termination are located in Virginia.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 1st day of July, 2026.

_Kristen Keffer_
Kristen Keffer